# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RAYMOND PHANEUF, | ) | |
| Plaintiff, | ) | Civil Action # |
| | ) | |
| vs. | ) | |
| LUSTIG, GLASER & WILSON, P.C., | ) | Jury Trial Demanded |
| Defendants. | ) | |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

### PARTIES

4. Plaintiff Raymond Phaneuf ("Plaintiff") is a natural person who at all relevant times resided in the State of Massachusetts, County of Worcester, and City of Uxbridge.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Lustig, Glaser & Wilson, P.C. is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Lustig, Glaser & Wilson, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Lustig, Glaser & Wilson, P.C. is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Lustig, Glaser & Wilson, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Lustig, Glaser & Wilson, P.C..

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Lustig, Glaser & Wilson, P.C. , arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal First National Bank of Omaha. (the "Debt").

12. Lustig, Glaser & Wilson, P.C. uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Lustig, Glaser & Wilson, P.C. purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

14. Lustig, Glaser & Wilson, P.C. acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due, a creditor, when the debt was in default once owed or once due, a creditor, when the debt was in default.

15. Lustig, Glaser & Wilson, P.C. is thoroughly enmeshed in the debt collection business, and Lustig, Glaser & Wilson, P.C. is a significant participant in their own, debt collection process.

16. In connection with the collection of the Debt , Lustig, Glaser & Wilson, P.C., filed a lawsuit against Plaintiff in the Uxbridge District Court for the Commonwealth of Massachusetts, on March

1, 2013, and in the complaint, demanded a judgment in the sum of "$11,036.51 plus interest." (See Complaint, attached as Exhibit A).

17. Plaintiff sent Lustig, Glaser & Wilson, P.C., written communication dated November 24, 2012, and in such communication, requested verification of the Debt. (See November 24, 2012 Correspondence, attached as Exhibit B).

18. Lustig, Glaser & Wilson, P.C., received Plaintiff's request for verification on Novemebr 27, 2012 at 9:18 A.M. (See USPS Delivery Confirmation, attached as Exhibit C).

19. Upon information and good-faith belief, Lustig, Glaser & Wilson, P.C. , failed to send verification of the Debt to Plaintiff.

20. After having received written communication from Plaintiff disputing the debt, Lustig, Glaser & Wilson, P.C., continued to contact Plaintiff for the purpose of collecting the Debt despite having failed to first provide Plaintiff with verification of the Debt.

21. Upon information and good-faith belief, First National Bank of Omaha charged off the Debt in or around May 2012, at a balance of $10,676

22. First National Bank of Omaha ceased attempting to collect the Debt from Plaintiff after the date of charge-off.

23. Upon information and good-faith belief, First National Bank of Omaha ceased charging interest on the Debt after the date of charge-off.

24. Upon information and good-faith belief, it is First National Bank of Omaha regular business practice to cease collecting interest on an account after charge-off, in order to reduce continued collection costs and reduce the amount of "bad debt" on its books.

25. First National Bank of Omaha waived its right to subsequently charge interest on the Debt.

26. After the date of charge-off, First National Bank of Omaha sold the Debt to a debt buyer, Lustig, Glaser & Wilson, P.C..

27. When Lustig, Glaser & Wilson, P.C. purchased the Debt from First National Bank of Omaha., Lustig, Glaser & Wilson, P.C., as the alleged assignee, took all rights, title and interest of First National Bank of Omaha existing as of the date of sale.

28. Upon information and good-faith belief, Lustig, Glaser & Wilson, P.C. retroactively assessed interest on the Debt between the date of charge-off and the date the Debt was placed in its office for collection.

29. As a result of Defendants' harassing efforts to collect the Debt alleged due, Plaintiff suffered personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation.

30. The personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation that Plaintiff suffered was a natural consequence of Defendants' harassing efforts to collect the Debt alleged due.

31. The personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation that Plaintiff suffered as a result of Defendants' harassing efforts to collect the outstanding debt alleged due constitute mental anguish more than mere worry, anxiety, vexation, inconvenience, or unpleasantness.

### COUNT I

### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

### LUSTIG, GLASER & WILSON, P.C.

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II

### VIOLATION OF 15 U.S.C. § 1692e(8)

### LUSTIG, GLASER & WILSON, P.C.

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false.

### COUNT III

### VIOLATION OF 15 U.S.C. § 1692e(10)

### LUSTIG, GLASER & WILSON, P.C.

36. Plaintiff repeats and re-alleges each and every factual allegation above.

37. Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited: misrepresenting the amount of the Debt; and misrepresenting that it had sent

Plaintiff a discovery request, when upon information and good-faith belief, it had not done so. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV

### VIOLATION OF 15 U.S.C. § 1692g(b)

### LUSTIG, GLASER & WILSON, P.C.

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

40. Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff not permitted by law, including by retroactively charging interest to the Debt without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

41. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

*[signature]*

Raymond Phaneuf