UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAYMOND PHANEUF,<br>          Plaintiff,<br>v.<br><br>LUSTIG, GLASER & WILSON P.C.<br>          Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 15-40081-TSH |

**ORDER**
**December 8, 2015**

**HILLMAN, D.J.**

### Background

On July 1, 2015, Raymond Phaneuf ("Phaneuf" or "Plaintiff") filed a complaint against Lustig, Glaser & Wilson ("Lustig Glaser" or "Defendant") alleging claims for violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692e *et seq.*("FDCPA") (Docket No. 1). More specifically, Phaneuf alleged that Lustig Glaser violated the FDCPA by falsely representing the character, amount or legal status of his debt (Count I), communicating or threatening to communicate credit information which it knew to be false (Count II), misrepresenting the amount of the debt and that it had sent a discovery request (Count III), and continuing to contact him without having first providing verification of the debt after he notified them in writing he was disputing it (Count IV).

Phaneuf is proceeding *pro se* and, therefore, is not subject to the Court's Electronic Case Filing System unless he opts to apply for inclusion and completes the training prerequisites. Phaneuf has not applied to participate in the electronic filing system and therefore, notices and pleadings are served on him by mail to the address specified by him in the Complaint. On July 30, 2015, Lustig Glaser filed a *Motion to Dismiss for failure to Prosecute* (Docket No. 4) on the grounds that Phaneuf had failed to comply with this Court's filing requirements because at the time he filed the Complaint, he had failed to pay the required filing fee or file a motion to proceed *in forma pauperis*. Lustig Glaser mailed a copy of the motion to Phaneuf at his address specified in the Complaint. Thereafter, Phaneuf paid the filing fee and the motion to dismiss was denied as moot.

On September 8, 2015, Lustig Glaser filed *Defendant Lustig, Glaser & Wilson, P.C.'s Motion To Dismiss Plaintiff's Complaint Pursuant To F.R.C.P. 12(B)(6) and 15USC 1692k(d)* (Docket No. 10). Lustig Glaser certified that on September 8, 2015, it had sent paper copies of the motion and supporting memorandum to Phaneuf at the address specified in the Complaint. In its motion, Lustig Glaser asserted that Phaneuf's Complaint should be dismissed because: 1) the claims asserted therein were brought outside of the applicable statute of limitations and therefore, are time-barred; and/or 2) the factual allegations contained therein are insufficient to state a plausible claim under *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S. Ct. 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955 (2007). Phaneuf did not file an opposition to the motion to dismiss.

On November 9, 2015, the Court granted the motion to dismiss for the reasons stated in Defendant's supporting memorandum. *See* Docket Entry No. 13. In accordance with this Court's

usual procedures, a copy of the Court's Electronic Order was mailed to Phaneuf at the address specified in the Complaint. This Order addresses Phaneuf's motion to reopen his case (Docket No. 15), which was filed on December 2, 2015. For the reasons set forth below, that motion is *denied*.

### Discussion

Phaneuf requests that that the Court vacate the Order dismissing his Complaint and re-open his case.[1] A court may not automatically treat a plaintiff's failure to file an opposition to a motion to dismiss as a procedural default warranting dismissal irrespective of whether the Complaint has merit, *that is*, the Court cannot simply allow the motion to dismiss as a sanction failure to oppose the motion. *Cf. Pomerleau v. West Springfield Public Schools,* 362 F.3d 143 (1st Cir. 2004). At the same time,

> Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures' or to 'advance arguments that could and should have been presented to the district court prior to judgment.' That a district court may not, without notice, dismiss the plaintiff's complaint as a sanction for the failure to file an opposition does not mean that the non-responding plaintiff is relieved of his or her duty 'to incorporate all relevant arguments in the papers that directly address a pending motion.' Thus, a plaintiff who fails to raise any substantive legal arguments prior to the dismissal of his or her complaint is appropriately limited under Rule 59(e) to challenging the court's decision as a manifest error of law.

*Id.*, 362 F.3d at 147 n. 2 (internal citations and citations to quoted cases omitted).

As noted above, the Court dismissed Phaneuf's claims for the reasons state in Defendant's memorandum. The Defendant argued in its memorandum in support of the motion to dismiss that the claims asserted in the Complaint were time-barred and/or failed to state a claim. In his motion to vacate, Phaneuf does not argue that the claims were brought within the

---

[1] Because Phaneuf is proceeding *pro se,* the Court will construe his pleadings liberally. Therefore, I will assume that through his filing, Phaneuf is seeking to alter or amend the judgment pursuant to Fed.R.Civ.P. 59

3

statute of limitations or that the allegations in the Complaint are sufficient to meet the *Iqbal/Twombly* plausibility standard. Instead, he asserts that he never received any documents and did not know he had to state a claim. Neither of these justifications has merit.

First, the *Iqbal/Twombly* requirement that a Complaint state a plausible claim on its face has been in place for more than six years and Phaneuf's *pro se* status will not excuse his failure to meet its requirements. *See Brown v. Dep't of Veterans Affairs*, 451 F. Supp. 2d 273, 276-77 (D. Mass. 2006)(While Court will construe *pro se* litigant's pleadings liberally, "the Court is not the plaintiff's advocate and will not 'conjure up implied allegations,' in order … to state an actionable claim."(internal citations and citation to quoted case omitted)).   In addition, even assuming that Phaneuf did not receive copies of the motion to dismiss and the Court's order allowing the same, Phaneuf has a duty to periodically check the Court's docket. Under these circumstances, Phaneuf has failed to establish that the Court's dismissal of his claims was a manifest error of law. For that reason, is motion to re-open the case is ***denied.***

## Conclusion

Plaintiff's motion to re-open this action (Docket No. 15), is ***denied***.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE